IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ESTATE OF HEIDI SUSAN SCHERRER CAILLET-BOIS, et al., <br><br> Plaintiffs <br><br> v. <br><br> HOSPITAL ESPAÑOL AUXILIO MUTUO DE PUERTO RICO, et al., <br><br> Defendants | CIVIL NO. 09-1202 (JP) |

## OPINION AND ORDER

Before the Court is Defendant Sindicato de Aseguradores para la Suscripcion Conjunta de Segura de Responsabilidad Profesional Medico-Hospitalaria's ("SIMED") unopposed motion for partial summary judgment (**No. 30**). Defendant SIMED alleges that although it issued insurance policies covering individual doctors named as Defendants in the instant case, SIMED had no such policy covering Defendant Hospital Auxilio Mutuo (the "Hospital"). Therefore, Defendant SIMED requests partial summary judgment dismissing only the claims against SIMED as alleged insurer for the Hospital. For the reasons stated herein, Defendant's motion for partial summary judgment is hereby **GRANTED**.

CIVIL NO. 09-1202 (JP)          -2-

I. **MATERIAL FACTS NOT IN GENUINE ISSUE OR DISPUTE**

The following fact is deemed uncontested by the Court because it was included in the motion for summary judgment[1] and was properly supported by evidence and not opposed.

1. Defendant SIMED does not have an insurance policy issued on behalf of Defendant Hospital Auxilio Mutuo.

II. **LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT**

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Zambrana-Marrero v. Suárez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116

---

1. This fact was supported by a sworn statement of SIMED employee Maria del Carmen Alfonso Valle, which was attached to a prior filing by SIMED (No. 23). Because SIMED's motion for summary judgment references said filing, the Court will consider the sworn statement as evidence supporting the motion for summary judgment.

CIVIL NO. 09-1202 (JP)            -3-

(1st Cir. 1993); Canal Ins. Co. v. Benner, 980 F.2d 23, 25 (1st Cir. 1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. See Mack v. Great Atl. and Pac. Tea Co., Inc., 871 F.2d 179, 181 (1st Cir. 1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2253, 91 L. Ed. 2d 265 (1986). Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. See Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553; Goldman, 985 F.2d at 1116.

CIVIL NO. 09-1202 (JP)          -4-

## III. ANALYSIS

Defendant SIMED moves for summary judgment on Plaintiffs' claims against SIMED as alleged insurer for the Hospital, arguing that said claims are not warranted because no SIMED policy existed covering the Hospital during the time of the events alleged in the complaint. Plaintiffs have not filed an opposition to SIMED's motion for summary judgment. Defendant SIMED supports its allegation with a sworn statement from Maria del Carmen Alfonso Valle, Underwriting Manager of SIMED, which states that "there is no policy issued by this insurer on behalf of Hospital Auxilio Mutuo."

In the absence of any controversy regarding this material fact, the Court finds that Plaintiffs have no claim against SIMED as insurer for the Hospital. Anderson, 477 U.S. at 248. Accordingly, the Court will grant summary judgment as to said claim.

## IV. CONCLUSION

In conclusion, Defendant SIMED's motion for partial summary judgment is **GRANTED**. Accordingly, the Court will enter judgment dismissing Plaintiffs' claims against SIMED as alleged insurer for the Hospital.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of December 2009.

                                            s/Jaime Pieras, Jr.
                                              JAIME PIERAS, JR.
                                       U.S. SENIOR DISTRICT JUDGE